# Commonwealth *v.* Beale, Appellant.

*Criminal law—Embezzlement—Executor—Evidence.*

On the trial of an indictment against an executor for embezzlement, there is sufficient evidence to sustain a conviction where the testimony is in effect that the estate of the decedent consisted almost entirely of cash; that the cash had been transferred to the defendant's account as executor, and a month thereafter was overdrawn; that frequent demands had been made upon the defendant by the representatives of a deceased legatee; that the defendant had made numerous promises of settlement, without ever saying anything of an investment of the funds; that at the trial he claimed that he had invested the legatee's money with her consent in the stock of a corporation, the certificates of which showed an assignment to the legatee, but the testimony as to the presence of the legatee in the defendant's office, where she is alleged to have given her consent, is contradicted by the testimony of her family physician and her son who stated that she was physically unable to be there.

*Criminal law—Sentence—Assignments of error.*

On appeal, objection cannot be taken to the legality of a sentence in a criminal case where there is nothing on the record to show what exceptions had been taken to the sentence, and the assignment of error does not set forth the sentence itself.

Argued Jan. 15, 1902.    Appeal, No. 7, Jan. T., 1902, by defendant, from judgment of Q. S. Lackawanna Co., June T., 1898, No. 429, on verdict of guilty in case of Commonwealth v. George W. Beale.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER. JJ.    Affirmed.

Indictment for embezzlement.    Before ARCHBALD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in submitting the case to the jury.

*R. H. Holgate* and *John F. Scragg,* for appellant.

*G. M. Watson,* with him *W. R. Lewis,* district attorney, for appellee.

OPINION BY BEAVER, J., February 14, 1902:

All the appellant's assignments of error resolve themselves into two simple questions: 1. Was there any evidence of defendant's guilt to go to the jury? 2. If so, was the evidence properly submitted?

1. Letters testamentary upon the estate of R. K. Ellis were issued to the defendant April 12, 1894. There was transferred to his credit, as executor, April 13, $4,798.05 from the account of his testator. By May 18 following, notwithstanding a deposit of $500, his account as executor was overdrawn. Upon a settlement of his account, and the final disposition of it, by an auditor, in December, 1895, there was shown to be in his hands $4,575.29, the one third of which belonged to Esther Meade. Frequent demands had been made upon the defendant, both by the administrators of Esther Meade, who had died in the mean time, and their attorney, in response to which numerous promises of settlement and payment had been made. It was also shown that the estate had few debts and that it consisted almost entirely of the funds in bank at the time of the death of the decedent. This unquestionably constituted a prima facie case, the fraudulent intent being readily inferable from the facts shown. In order to meet this case, the defendant endeavored to show an investment of Mrs. Meade's interest in the estate, based upon the assumed fact of its amounting to $1,500, in the stock of the Morris Ridge Coal Company. Notwithstanding the fact that no such investment had been claimed by the defendant in any of the interviews between the representatives of Mrs. Meade's estate and himself, he showed an assignment of twenty shares of the stock of this company, whose par value was $2,000, and showed further that a check for $2,000, drawn upon the funds to his credit as executor May 18, 1894, was paid to the secretary of said company for this stock. The certificates of stock show an assignment upon the back to Mrs. Meade dated August 25, 1894. The testimony of several witnesses for defendant who testified to Mrs. Meade's

presence in his office and one or more interviews in regard to the investment claimed to have been made for her by him was contradicted by the testimony of her family physician and her son that she had not been and was not able to be in Scranton at any time after the funeral of her brother. Independently, therefore, of the transaction itself, from which it was possible to argue its improbability, there was a distinct issue of fact for the consideration and determination of the jury.

2. The charge of the court, taken as a whole, fairly and fully covered the case. The testimony on both sides was commented upon fully; there is nowhere apparent in the charge either bias or prejudice. If, in the presentation of the case by the trial judge in the court below, the case of the commonwealth stands out more clearly than that of the defendant, it is because of the clearness of the commonwealth's testimony and the failure of the defendant to disclose at once upon demand the manner in which he had invested or claimed to have invested Mrs. Meade's money. After a careful reading of the charge and of all the testimony in the case, we find nothing which would warrant us in interfering with the verdict of the jury.

3. The defendant raises a third question in his specifications of error, as to the legality of the sentence. It does not appear from the record, however, that an exception was taken and allowed at the time the sentence was passed, the only entry being, " Jan. 26th, 1901, exceptions to sentence," nor is the assignment of error relating to this subject in accordance with our rule, the sentence not being set forth therein. Neither in the specification of error nor in the argument of the appellant is there set forth any specific exception to the sentence, nor are we informed wherein it is defective. For these reasons the ninth assignment is disregarded.

Judgment affirmed and record remitted to the end that the sentence may be carried into effect.